**Federico Manuel DE LA CERRA FRANCES, Plaintiff–Appellant,**

v.

**Armando Alcocer DE ANDA, Defendant–Appellee.**

No. 05–55335.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2007.[*]

Filed March 12, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

638

David Robert Clark, Higgs Fletcher and Mack, San Diego, CA, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provid-

Elizabeth A. Mitchell, Esq., Norman L. Smith, Solomon, Ward, Seidenwurm & Smith, San Diego, CA, for Defendant–Appellee.

Before: FERNANDEZ, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff Federico Manuel de la Cerra Frances, a United States citizen residing in California, brought California state law claims of fraud, intentional infliction of emotional distress, and assault against his cousin, Defendant Armando Alcocer de Anda, a citizen and resident of Mexico, in this diversity action. After twice allowing Plaintiff to amend his complaint, the district court granted summary judgment to Defendant, and Plaintiff timely appeals. On de novo review, *see Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002) (grant of summary judgment); *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1010 (9th Cir.2004) (state substantive law in a diversity action); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004) (personal jurisdiction), we affirm.

1. Summary judgment was proper on the fraud claim because, under California law, a fraud claim cannot rest solely on emotional distress damages. *See Schroeder v. Auto Driveaway Co.*, 11 Cal.3d 908, 114 Cal.Rptr. 622, 523 P.2d 662, 671 (1974) (holding that emotional distress damages can be recovered on a fraud claim as an aggravation of property damage, but not standing alone).

ed by 9th Cir. R. 36–3.

2. Summary judgment was proper on the claim of intentional infliction of emotional distress because there was no genuine issue of material fact concerning "severe emotional distress." Plaintiff experienced only such symptoms as insomnia, hopelessness, and worry about personal safety, did not seek professional treatment, and took no prescription medication. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795, 821 (Cal.1993) (defining the required element of severe emotional distress); *Girard v. Ball*, 125 Cal.App.3d 772, 178 Cal.Rptr. 406, 414 (1981) (holding that general allegations that plaintiff "couldn't sleep-anxiety symptoms-nervous" were insufficient to establish "extreme emotional distress," and noting that the plaintiff "sought no medical treatment for his condition").

3. Summary judgment was proper on nine of the ten assault claims because there was no evidence of Plaintiff's being placed in reasonable fear of imminent physical harm. *See Lowry v. Standard Oil Co. of Cal.*, 63 Cal.App.2d 1, 146 P.2d 57, 60 (1944) (holding that assault requires an act demonstrating an intent to inflict immediate injury on a person then present).

4. The tenth assault claim was properly dismissed for lack of personal jurisdiction because Plaintiff failed to establish that Defendant has the requisite "minimum contacts," *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), with California with respect to an act that occurred in Mexico.

AFFIRMED.